**In the Matter of the Application for the DISCIPLINE OF John H. FELDMAN, an Attorney at Law of the State of Minnesota.**

No. C7–85–2203.

Supreme Court of Minnesota.

Aug. 8, 1986.

William J. Wernz, Director of Lawyers Professional Responsibility, Martin A. Cole, Asst. Director, St. Paul, Minn., for appellant.

John Feldman, St. Paul, Minn., pro se.

## PER CURIAM.

The referee having found respondent attorney guilty of 18 counts of professional misconduct, the issue before us is the discipline to be imposed. The referee has recommended disbarment. We agree.

On November 4, 1985, the Director of the Lawyers Professional Responsibility Board filed a petition for disciplinary action with this court against respondent John H. Feldman, alleging 12 counts of misconduct. On April 3, 1986, the Director filed a supplemental petition alleging six additional counts. Feldman's pro se general denial to the original petition was subsequently stricken by the referee when respondent failed to comply with the Director's discovery requests. Feldman also never answered the supplemental petition. Consequently, the allegations of misconduct in the two petitions are deemed admitted by respondent. Rule 13(c), Rules on Lawyers Professional Responsibility.

Subsequently, respondent failed to appear at the hearing on the two petitions before Judge Paul Hoffman, the referee. Judge Hoffman filed his findings of fact, conclusions of law and recommendation for disbarment on May 30, 1986. Respondent failed to request a transcript of the hearing and, therefore, the referee's findings and conclusions are deemed conclusive. Rule 14(d), RLPR. We set the matter for an expedited hearing and, before us also, respondent has failed to appear.

The counts of misconduct against respondent consist of client neglect, failing to respond to clients' pleas for information about their files and return of documents, lying to clients about the status of their files, several counts of noncooperation with the Board, practicing without a license, failing to pay personal debts relating to the practice of law, failure to repay a personal loan, and one count of ongoing misappropriation of client funds in excess of $12,-000.

There is no need here to repeat the referee's findings on each count of misconduct, but we will mention two. In 1982 Feldman was retained by a client to represent her in a marriage dissolution and was paid a $1,000 retainer. Subsequently, Feldman received a check for $23,204 payable to him in trust for the client. The check represented real estate proceeds connected with the dissolution. Feldman cashed the check, forwarded $9,000 to his client, and kept the remaining $14,204 without putting it in a trust account. The court later awarded the client the remaining $14,204, and the client and Feldman agreed $2,000 should be paid to Feldman for his fees with the balance of $12,204 to the client. Feldman has never paid the $12,204 to his client. In response to the client's repeated requests for her money, Feldman was at first evasive (the check was in the mail), and thereafter the client's requests were ignored. When the client started a lawsuit for her money, Feldman interposed an answer claiming the $12,204 as attorney fees. The money is not in a trust account. In another case, the client paid Feldman a $300 advance to file and enforce a mechanic's lien. Feldman filed and recorded the lien but let the time for bringing a foreclosure action expire. Feldman then sued the debtor for the debt and for a constitutional lien against the debtor's property, but neglected to pursue the action and failed to keep his client informed. Finally,

the client, with the help of new counsel, obtained a default judgment against Feldman for $24,329.19, no part of which has been paid.

In addition to the misconduct discussed above, we have here some five counts of neglect of client matters, eight counts of failure to respond to clients' pleas for information, seven counts of failure to return files or refund unearned retainers, three counts of misrepresentation to clients, and four counts of failing to pay personal debts or judgments. Feldman also continues to practice law without a valid license, and he has failed to cooperate with the Director. This course of unethical conduct has continued over a period of some 3 years. Feldman offers no explanation for his conduct and offers no mitigating circumstances. The referee noted nothing in the record gives any prospect that respondent might correct his behavior.

In considering disciplinary sanctions, we weigh: (1) the nature of the misconduct; (2) the cumulative weight of the disciplinary rule violations; (3) the harm to the public; and (4) the harm to the legal profession. *In re Agnew*, 311 N.W.2d 869, 872 (Minn.1981). Here the most serious misconduct is the misappropriation of the $12,204, for which at least suspension if not disbarment would be appropriate. But, as Judge Hoffman stated, "Respondent has engaged in a wide range of disciplinary rule violations, however, and the cumulative weight and severity of these violations compel his disbarment." We agree.

It is ordered that respondent is disbarred from the practice of law in this state effective immediately.